## Harris v. Harris.

Sept. 28, 1945

494

R. Hall Hood for appellant.

Joe H. Weaks for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Affirming.

This is an appeal from a judgment of the Calloway circuit court modifying a judgment relative to the custody of a child.

Mozelle Harris was granted a divorce from J. W. Harris by a judgment entered at the August, 1944, term of the Calloway circuit court. That judgment was not made a part of the record in this case, but it appears that Mozelle Harris was granted the custody of her child, Jackie Gray Harris, then two years of age, and that the father, J. W. Harris, was directed to pay to her $12.50 each two weeks for the maintenance of the child. The father was permitted to have the child in his custody during each Sunday. On October 30, 1944, J. W. Harris, the defendant in the divorce action, filed a petition and motion asking that the action be reinstated on the docket and that the judgment theretofore entered be modified relative to the custody of the child and relative to the allowance for his maintenance. He asked that custody of the child be granted to him. Proof on the motion was heard and the court modified the judgment to the extent that the defendant, J. W. Harris, was given permission to have the child from the 25th to the 30th day of each month, and the allowance for the maintenance of the child was reduced to $10, payable at the end of every two weeks.

Appellant, J. W. Harris, resides in Murray, Kentucky, with his parents, Mr. and Mrs. Alfred Harris, and the child, at the time proof was heard, was living with his mother's parents, Mr. and Mrs. Culver. It appears from the record that the grandparents on both sides are estimable people, and though in moderate, if not poor, financial circumstances can provide a good home for the child. When the divorce action was entered appellant was employed at the Kentucky Dam and was earning 80c an hour. He was unemployed for three or four weeks, beginning about October 1, 1944, and during that time was refused employment at two defense plants because he

failed to pass the physical examination. He has high blood pressure, and had been rejected for military service. At the time he testified in the present case, he was employed at $24 a week. The appellee, Mozelle Harris, left her parents' home in Kentucky in October, 1944, and went to Detroit, Michigan, where her sister resided, and obtained employment. She testified that she went to Detroit because appellant had ceased making the payments adjudged against him in the divorce action, and she was compelled to seek employment in order to support herself and child. There is no proof that she intends to remain in Detroit permanently. No attack has been made on her character, and there is nothing in the record before us indicating that she is not a proper person to have the custody of the child. There was proof not denied, that appellant is addicted to the use of intoxicating liquors.

The chancellor was familiar with the record in the divorce action in which a judgment was rendered a few weeks before the motion to modify it was filed, and we find nothing in the present record authorizing us to disturb his findings.

The judgment is affirmed.